UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 05-CR-20024-BC

TERRANCE LAMONT PAYTON
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I: Findings**

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II: Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. As this defendant faces at

potential sentence of life imprisonment without parole on four of the seven counts in the Indictment for alleged violations of the Controlled Substances Act, I agree that the presumption applies. Therefore, I am required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offenses charged involve narcotic drugs, specifically cocaine and crack cocaine. I find that from the grand jury having passed an Indictment there is probable cause as to this defendant.

As to the factors set forth in § 3142(g)(3), I find that the defendant was born in 1979 and has resided in the Saginaw area his entire life. Between 2001 and 2003, the defendant worked as a laborer for an aluminum company. Although the Pretrial Services report indicates that the defendant is currently unemployed, defense counsel proffers that if released, the defendant has a job waiting for him with an apparel shop in Saginaw.

The defendant indicated to the Pretrial Services officer that in the past he has used cocaine, marijuana and cough syrup. Although on state probation at the time of his arrest, the defendant tested positive for cocaine, opiates and marijuana.

In 1997 the defendant pled guilty to Disturbing the Peace and was fined and sentenced to a period of community service. Two months later, the defendant pled guilty to Retail Fraud - 2nd Degree, placed on six months probation, community service and given a fine. In 1999 the defendant pled guilty to Driving While License Suspended. The Pretrial Services report indicates that the defendant has a lengthy driving history which includes at least 10 suspensions for either failure to appear in court or failure to pay court imposed fines. In addition, the defendant has been

involved in at least three traffic accidents while driving on a suspended license. In June of 2002, the defendant pled guilty to Impaired Driving, was sentenced to a fine, 150 hours of community service, special assessment fees as well as alcohol treatment. Four months later, the defendant was charged and ultimately pled guilty to Resisting Arrest. While that matter was pending, the defendant was charged with Delivery And Manufacture of Cocaine, Maintaining a Drug House, and Felony Firearms. In February of 2004 the defendant pled guilty to Delivery And Manufacture of Cocaine, sentenced to five years probation and fines and costs. As noted earlier, the defendant was on probation from this conviction at the time the incidents charged in the Indictment are alleged to have taken place.

Defense counsel proffers that the defendant should be placed on bond with conditions. In support of this argument, counsel notes that the defendant has a good relationship with his state probation officer and reports as directed. Whether or not he reports as directed, and whether or not he has a good relationship with his probation officer, it appears at the very least from the results of the urinalysis performed by Pretrial Services that the defendant has violated the terms of his state probation.

Defense counsel indicates the defendant has employment if he were to be released, and emphasizes his steady residency in the Saginaw area. Counsel argues that these community ties would be indicative of compliance with bond terms. I note first that in the legislative history underlying § 3142(g)(3), Congress minimizes the significance of community ties, referring to ". . . the growing evidence that the presence of this factor does not necessarily reflect a likelihood of appearance, and has no correlation with the question of the safety of the community . . ." S.Rep.No. 225, 98th Cong., 2d Session 24-25, 1984 U.S. Code Cong. & Admin.News, pp. 3207-08. Furthermore, the defendant's consistent disregard of court supervision in relatively

minor traffic matters suggests that there is little likelihood that he will comply with bond conditions in a case which could yield a minimum sentence of 10 years imprisonment with a possibility of life imprisonment.

Accordingly, I first conclude that the presumption in favor of detention has not been rebutted on the evidence presented. Alternatively, I find there are no conditions nor any combination of conditions which I believe would adequately assure the safety of the community or the defendant's appearance as required for further proceedings. Therefore, the government's motion to detain is **GRANTED**.

**Part III: Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                              s/ *Charles E. Binder*
                              CHARLES E. BINDER
Dated: July 1, 2005           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Robert Dunn, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: July 1, 2005         By     s/Jean L. Broucek
                                  Case Manager to Magistrate Judge Binder